| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
|   | Daniel M. Wall (Bar No. 102580) |
| 2 | Alfred C. Pfeiffer, Jr. (Bar No. 120965) |
|   | Christopher S. Yates (Bar No. 161273) |
| 3 | Adrian F. Davis (Bar No. 215827) |
|   | 505 Montgomery Street, Suite 2000 |
| 4 | San Francisco, California 94111-6538 |
|   | Telephone: (415) 391-0600 |
| 5 | Facsimile: (415) 395-8095 |
|   | Email: Dan.Wall@lw.com |
| 6 | Email: Al.Pfeiffer@lw.com |
|   | Email: Chris.Yates@lw.com |
| 7 | Email: Adrian.Davis@lw.com |
| 8 | Attorneys for Defendant |
|   | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY P. SMITH; MICHAEL G. LEE; DENNIS V. MACASADDU; MARK G. MORIKAWA; and VINCENT SCOTTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.; AT&T MOBILITY LLC; and DOES ONE through ONE HUNDRED, inclusive<br><br>Defendants. | CASE NO.  07-CV-05662-HRL<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING AND NOTICE OF RELATED CASE**<br><br>**[PURSUANT TO L.R. 3-12 AND 3-13]** |

Defendant Apple Inc. ("Apple") hereby notifies the Court, pursuant to Civil Local Rules 3-12 and 3-13, of the pendency of two other actions which involve the same or similar subject matter and substantially all of the same parties as the instant case.

One of the actions, *Holman v. Apple Inc. and AT&T Mobility LLC* ("*Holman*"), is pending in this Court and Apple believes that it is a related case within the meaning of Civil Local Rule 3-12.[1]

The other action, *Kliegerman v. Apple Inc.*, is currently pending in the United States District Court for the Southern District of New York.

**I.   HOLMAN AND SMITH – NORTHERN DISTRICT OF CALIFORNIA**

This action, *Timothy P. Smith, et al. v. Apple Inc., AT&T Mobility LLC, et al.*, Case No. 07-CV-05662-HRL), was filed October 5, 2007 in the Superior Court for the State of California, County of Santa Clara, and was removed to this Court on November 7, 2007 ("*Smith*"). The *Holman action* was filed in this Court on October 5, 2007.

*Smith* and *Holman* are both actions brought against Apple and AT&T Mobility LLC ("ATTM") which allege that Apple and ATTM entered into what plaintiffs call an unlawful agreement under which ATTM will be the exclusive provider of phone and data services for the iPhone in the United States and Apple will allegedly receive a portion of ATTM's profits. *Holman* Complaint ¶¶ 38, 41; *Smith* First Amended Complaint ("FAC") ¶¶ 28(1)-(3). The complaints further allege that through the use of a software lock and a software update, Apple has prohibited iPhone owners from unlocking their phones for use with cellular telephone service providers other than ATTM. *Holman* Complaint ¶¶ 34, 51-55; *Smith* FAC ¶¶ 28(4), 40-42.

Based on these allegations, both the *Smith* and *Holman* complaints assert claims against Apple and ATTM for unlawful tying and attempted monopolization under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2. *Holman* Complaint ¶¶ 90-97; *Smith* FAC ¶¶ 128-35. The *Smith* and *Holman* complaints both also plead claims based on alleged violations

---

[1]   Pursuant to Civil Local Rules 7-11 and 3-12, Apple will file an Administrative Motion, in *Holman*, to consider whether the *Holman* and *Smith* cases should be related.

of California's Unfair Competition Law in addition to alleged violations of the California Cartwright Act's prohibitions on unlawful tying and unlawful trusts. *Holman* Complaint ¶¶ 76-89; *Smith* FAC ¶¶ 117-27, 196-207. While *Smith* and *Holman* each assert additional causes of action against Apple and ATTM, all such claims relate to the same set of alleged practices of the defendants described above. Thus, *Smith*'s separate causes of action for common law monopolization, *Smith* FAC ¶¶ 183-89, breach of warranties, *id.* ¶¶ 136-57, and alleged violations of the Consumer Legal Remedies Act, *id.* ¶¶ 158-65, the Computer Fraud Abuse Act, *id.* ¶¶ 166-71, the Racketeer Influenced and Corrupt Organizations Act, *id.* ¶¶ 190-95, and California Penal Code § 502, *id.* ¶¶ 172-82, are all based on the same alleged agreements and practices of ATTM and Apple. The same is true for *Holman*'s additional cause of action for "computer trespass/trespass to chattels." *Holman* Complaint ¶¶ 98-102.

Furthermore, both *Holman* and *Smith* are purported class actions that seek to represent the interests of the same class of people. *Holman*'s proposed class is composed of "all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action, bought and implemented the iPhone and sustained damages as a result." *Holman* Complaint ¶ 63. *Smith*'s purported class is made up of "[a]ll persons or entities who... purchased or own an iPhone, intended for use by themselves, their families, or their members, participants, or employees … during the period from June 29, 2007 through such time in the future as the effects of Apple's illegal conduct, as alleged herein, have ceased… [and who] purchased audio or video files from the iTunes Music Store during the Class Period." *Smith* FAC ¶¶ 93(a)-(b); *see also id.* ¶¶ 94(a)-(b). The two potential classes are thus nearly identical.

In short, the factual allegations and legal claims of the *Holman* and *Smith* cases "concern substantially the same parties, property, transaction or event." Civil L. R. 3-12(a)(1).

## II.   KLIEGERMAN – SOUTHERN DISTRICT OF NEW YORK

On August 27, 2007, plaintiff Herbert H. Kliegerman, on behalf of himself and others similarly situated, filed a Complaint against Apple in the Supreme Court of the State of New York, County of New York, Index No. 111681/2007 ("*Kliegerman v. Apple*"). The Complaint was subsequently removed, on September 27, 2007, to the United States District

1  Court for the Southern District of New York, Case No. 1-07-CV-08404-PKC.  The *Kliegerman*
2  Complaint alleges that Apple failed to adequately warn iPhone purchasers that the iPhone was
3  locked to only accept AT&T SIM cards, that SIM card unlocking codes would not be provided to
4  iPhone owners, and that iPhone owners would incur roaming charges when traveling abroad.
5  *Kliegerman* Complaint ¶¶ 1, 10, 18-19, 22.  Based on these allegations, the Complaint asserts a
6  claim against Apple for violation of New York General Business Law § 349.  *Kliegerman*
7  Complaint ¶¶ 35-42.
8         At an initial conference held on November 2, 2007 before the Honorable Kevin P.
9  Castel, United States District Court Judge, counsel for plaintiff informed the Court that an
10 amended complaint would be filed on November 16, 2007 to add AT&T Mobility LLC as a
11 defendant and to assert violations of the Sherman Act.
12
13        Apple believes that coordination or transfer of these actions will avoid conflicts,
14 conserve resources, and otherwise promote efficient determination of the matters.
15
16 Dated:  November 7, 2007                    Respectfully submitted,
17                                             LATHAM & WATKINS LLP
18
19                                             By      /s/ Christopher S. Yates
                                                  Christopher S. Yates
20                                                Attorneys for Defendant
                                                  APPLE INC.
21
22
23
   SF\633074
24
25
26
27
28